Gem Music Corporation et al., Respondents-Appellants, v. Deems Taylor, as President of the American Society of Composers, Authors and Publishers, an Unincorporated Association of More than Seven Persons, et al., Appellants-Respondents, A B C Music Corporation et al., Respondents, et al., Defendants.

*Per Curiam.* We agree with the Special Term that the complaint states a cause of action against the defendants-appellants. We are, however, of opinion that by reason of the provisions of section II of article III of the Articles of Association a cause of action is stated against the corporate defendants-respondents. By section II of article III each publisher member is required to appoint an individual "who shall be deemed to be its representative in the Society for all purposes". These provisions together with the other allegations of the complaint would seem to render the publisher corporation liable for the acts of its designated representative and to distinguish the present case from decisions relied on by the corporate defendants which hold that a stockholder ordinarily is not liable for the acts of directors who have been elected by him.

To the extent that the order directs that the causes of action which will inure to the benefit of the association and the causes of action which will inure to the benefit of the plaintiffs be separately stated, it should be affirmed. The plaintiffs seek not only restitution to the association of sums alleged to have been diverted but a decree in their own favor requiring the defendants to account for royalties which it is alleged were distributable equally between the publisher and composer members under section I of article XV of the Articles of Association.

The orders appealed from, to the extent that they grant the motions to dismiss the complaint against the corporate defendants, should be reversed, with twenty dollars costs and disbursements to the plaintiffs-appellants, and the motions to dismiss the complaint against said defendants denied; to the extent that the orders deny the motions of the defendants-respondents to dismiss the complaint as to them and to the extent that said orders grant the motions to require the plaintiffs to separately state and number the causes of action contained in the complaint, they should be affirmed; the amended complaint to be served within twenty days after service of the orders to be entered herein.

Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.

Orders appealed from, to the extent that they grant the motions to dismiss the complaint against the corporate defendants, unanimously reversed, with twenty dollars costs and disbursements to the plaintiffs-appellants, and the motions to dismiss the complaint against said defendants denied; to the extent that the orders deny the motions of the defendants-respondents to dismiss the complaint as to them and to the extent that said orders grant the motions to require the plaintiffs to separately state and number the causes of action contained in the complaint they should be unanimously affirmed, the amended complaint to be served within twenty days after service of the orders to be entered herein. Settle orders on notice. [See *post*, p. 975.]